UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                      Case No. 3:24-cv-616

            Plaintiff,

      v.                                      MEMORANDUM OPINION
                                                     AND ORDER

Gregory A. Darst,

            Defendant.

### I. INTRODUCTION AND BACKGROUND

On September 12, 2013, a jury in the United States District Court for the Middle District of Florida, Tampa Division, found Defendant Gregory A. Darst guilty of five charges alleging violations of federal tax law: corrupt interference with Internal Revenue laws, in violation of 26 U.S.C. § 7212(a), and failure to file tax returns for the years 2006, 2007, 2008, and 2009, in violation of 26 U.S.C. § 7203. *United States v. Gregory Albert Darst*, Case 8:13-cr-00181, Doc. No. 93 (M.D. Fla. Sep. 12, 2013). Darst was sentenced to an aggregate term of 12 months and 1 day in prison and 12 months on supervised release. *Id.*, Doc. No. 111.

The government subsequently initiated this litigation, seeking to obtain a judgment requiring Darst to pay specified income taxes, penalties, interest, civil penalties, and restitution in connection with his criminal conviction. (Doc. No. 1). Darst moved to dismiss all claims against him. (Doc. No. 5). The government filed a brief in opposition, (Doc. No. 8), and Darst filed a brief in reply. (Doc. No. 11). For the reasons stated below, I deny Darst's motion.

## II. STANDARD

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so

long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. DISCUSSION

Darst's motion to dismiss is based upon his belief that "[b]ecause every judgment issued against me resulted from the falsification, in a peculiar, invariable sequence, of each IRS Individual Master File (IMF) record concerning me, . . . the Clean Hands Doctrine controls the outcome of this case." (Doc. No. 5 at 1); (*see also id.* at 2 ("I raise only one defense to this frivolous case.")).

"'The burden of establishing [an] affirmative defense rests with the defendant...[and] a motion to dismiss filed under [Rule] 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense.'" *Laitinen v. Sun Life Assurance Co. of Canada*, No. 2:15-CV-144, 2016 WL 890337, at *4 (W.D. Mich. Mar. 9, 2016) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)) (alterations by *Laitinen*). The Sixth Circuit has noted:

> a motion to dismiss under Rule 12(b)(6) is generally not the appropriate vehicle to dismiss a claim based on an affirmative defense . . . . This is because, as with all affirmative defenses, it is the burden of the defendant to prove the elements of the defense. However, where a complaint "shows on its face that relief is barred by an affirmative defense," dismissal under Rule 12(b)(6) is appropriate.

*Mixon v. Trott L., P.C.*, No. 19-1366, 2019 WL 4943761, at *2 (6th Cir. Aug. 28, 2019) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.") (citations omitted).

Darst does not identify any allegations in the complaint which might establish his affirmative defense. Therefore, he is not entitled to relief under Rule 12(b)(6).

Darst also argues this court lacks subject matter jurisdiction over this case because the "IRS'[s] falsification of every digital and paper record concerning me to initiate all previous cases

3

against me, destroyed both the standing of the Service, and this Court's subject matter jurisdiction." (Doc. No. 5 at 6). The basis for this argument is a declaration from Robert A. McNeil, who represents that he is a forensic accountant/auditor. McNeil, in this case as well as others around the country, generally accuses the IRS of widespread fraud and other criminal acts. (Doc. No. 5-1). *See, e.g., United States v. Ford*, No. 1:17-CV-00187, 2019 WL 2297295, at *2 (E.D. Cal. May 30, 2019), *aff'd*, 812 F. App'x 622 (9th Cir. 2020) ("The court does not view Mr. McNeil's declaration as providing any factual support for defendant's claim that the government has relied upon false documents due to its conclusory nature."); *Kurz v. United States*, No. 4:19-CV-310, 2020 WL 58679, at *2 (E.D. Mo. Jan. 6, 2020) ("Mr. Kurz's primary argument, [supported by a declaration from McNeil] that the IRS committed fraud by completing tax returns on plaintiff's behalf via a computer software program, is frivolous and legally unsupportable.").

A plaintiff has the burden of showing standing to bring suit. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561-62 (1992). But at the pleading stage, general factual allegations of injury resulting from a defendant's conduct may suffice to meet the plaintiff's burden. *Id.* Standing is determined as of when the plaintiff filed the complaint. *Javitch v. Transamerica Occidental Life Ins. Co.,* 408 F. Supp. 2d 531, 533 (N.D. Ohio 2006) (citing *Senter v. General Motors Corp.,* 532 F.2d 511, 518 (6th Cir. 1976)).

Federal law provides the United States with the authority to commence a "civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture," 26 U.S.C. § 7401, and also provides this court with subject matter jurisdiction over this litigation. 26 U.S.C. § 7402; 28 U.S.C. § 1331. Therefore, I deny Darst's motion on this basis as well.

## IV. CONCLUSION

For the reasons stated above, I conclude Defendant Gregory A. Darst fails to show he is entitled to relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure and deny his motion to dismiss.  (Doc. No. 5).

So Ordered.

                                            s/ Jeffrey J. Helmick  
                                            United States District Judge