UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                 Case No. 3:24-cv-616

           Plaintiff,

   v.                                                   MEMORANDUM OPINION
                                                                   AND ORDER

Gregory A. Darst,

           Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Gregory A. Darst filed a motion for reconsideration of my March 5, 2025 Memorandum Opinion and Order denying his motion to dismiss this case, in which the government seeks to require Darst to pay specified income taxes, penalties, interest, civil penalties, and restitution in connection with his 2013 criminal conviction for violating the Internal Revenue Code. (Doc. No. 23). The government filed a brief in opposition, (Doc. No. 25), and Darst filed a brief in reply. (Doc. No. 27).

Darst also filed a motion to supplement his motion for reconsideration, seeking to raise two additional arguments. (Doc. No. 26). On April 2, 2025, I issued an order prohibiting the parties from filing "any other motions until I have issued a decision on Darst's motion [for reconsideration] and until I have set further deadlines in this case." (Doc. No. 24 at 1). I further cautioned the parties that "[a]ny motion filed in conflict with this Order will be denied." (*Id.*). Darst filed his

motion to supplement in violation of my April 2, 2025 Order and, therefore, I deny his motion to supplement.

For the reasons stated below, I also deny Darst's motion for reconsideration.

## II.   DISCUSSION

While "[d]istrict courts have inherent power to reconsider interlocutory orders," *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991), the bar for granting a motion for reconsideration is set high. *See, e.g., Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) ("The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (*citing Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)).

Motions for reconsideration are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal." *Holcomb v. Wilson*, No. 5:05 CV 803, 2008 WL 2796584, at *1 (N.D. Ohio July 18, 2008).

Darst does not argue that there has been an intervening change in the law. Nor does he suggest new evidence has become available to him which would require a different result. Rather, the arguments Darst gives in his motion for reconsideration are simply a disagreement with my decision.[1] Previously cited arguments are insufficient. *Id.* "A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration." *Id.*

---

[1] Darst does not stop at arguing I erred in denying his motion. He also contends I "appear[] to have committed acts including misprision and falsification of the case record concerning the underlying IRS record falsification. Further, that Order reveals [an] apparent intent to obstruct justice by blocking application of the Clean Hands doctrine to this case . . . ." (Doc. No. 23 at 1). Darst also accuses government counsel of "felonious misconduct" in opposing his motion to dismiss. (*Id.* at 6).

2

Darst has already had an opportunity to present his arguments and, at the appropriate time, may seek appellate review of his unsuccessful arguments. *Id. See also Todd Shipyards v. Auto Transp.*, 763 F.2d 745, 750 (5th Cir. 1985). As one court has stated, the mere dissatisfaction with a court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration:

> As the above standards indicate, . . . these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. . . . This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the standards described above have been met (i.e., to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties['] energies can be better served by pursing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a "Pavlovian Response" to an adverse ruling.

*Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citation and internal quotation marks omitted) (first ellipsis by *Meekison*).

No matter how strenuously he frames his objections, Darst expresses only disagreement with my legal conclusions and has not met the high standard for reconsideration of my earlier decision. Therefore, I deny his motion.

### III. CONCLUSION

For the reasons stated above, I deny Defendant Gregory A. Darst's motion for reconsideration, (Doc. No. 23), and his motion to supplement his motion for reconsideration. (Doc. No. 26).


So Ordered.


                                                          s/ Jeffrey J. Helmick
                                                        United States District Judge